Diane Burley for Petitioner Chris Francis Williams. In Lindsey v. Washington, the U.S. Supreme Court said that the effect of a new statute which makes mandatory what was before only a maximum sentence is ex post facto because the new excuse me, the new sentence potentially results in a much, much greater increase in penalty. In this case, the difference is substantial. The 19. It's not not contested that there's a quote technical violation. Absolutely. Absolutely. And I think isn't the issue then whether or not it was harmless. I don't think that's an issue. I think that I mean, that's that's the position of the state that the state's position is indeed a technical violation, but contend that any violation was harmless. That is correct, Your Honor. Why wasn't it? I'm going to ask the question that way because we can't we can't know what the judge what the sentencing judge would have done had he known he had the discretion to impose the lesser term. We don't we don't know what he would have done. We can we can guess, but we don't know for sure what was he actually convicted of multiple counts of robbery and kidnapping for robbery. I don't really have anything further. Well, maybe it'd be better if you heard the state's case. Yeah. Yes. I think that's the situation, as I see it. I mean, there's a conceded violation. Excuse me. There's a conceded violation. And the question is, was it harmless? Absolutely. That's the issue you're on. And we contend that harmless air now analysis doesn't sit right here in case. Yeah. Lindsay versus Washington and the United States versus Al Faro cited in the briefs. Both of them say that. OK, thank you. I'd like to reserve a minute if I need it. Sure. May it please the court, Deputy Attorney General Ilana Butler, on behalf of respondent. And I will address this court's question as to whether this error was harmless. There are two places in the record that we can discern that there's no substantial likelihood that Mr. Williams would receive a more favorable sentence if this were remanded for resentencing. First, in looking at the sentencing hearing at the first round of sentencing, the defense actually asked the court to run the life terms concurrently and the court declined to do so because the court found that there was an increase of harm to the victims in transporting them across. I believe one was a very busy intersection. One was a place that was less lighted. And he could perhaps commit some more nefarious activity in those circumstances. And at the end of that hearing, the court, while discussing with the defendant the sentence, the court specifically said that he firmly believed that the penal consequences are appropriate. So the court's own comments, before knowing that it had the discretion to stay either the lower term or the greater term, did indicate that this was a fair sentence. So that's the first way that we know that there's no substantial likelihood that the defense would be entitled to a more favorable sentence. The second point is a little bit more complicated and I wish I had prepared an exhibit for this court because it involves some of the finer points of California sentencing which I don't profess to be an expert in. But to try and explain this simply, basically there were three separate crimes here. The first crime contained five counts. So you have the upper, the kidnapping and robbery, and the robbery for one victim. Then for the second victim, you also have a robbery and another kidnapping for robbery. Then we have a third victim that was just the kidnapping for robbery. So in that first set of circumstances, the court would have discretion between these two and between these two. So assuming that the court had decided to exercise its discretion for the lesser term, he would still be imposing the life sentence on that third victim. That would be the only choice as to that. So we still have one life sentence here and then assuming that he had exercised his discretion, we would have the 15 years and then the one year and one year and four months. So we still have that one life sentence. Then we proceed to the second set of circumstances which had three counts but two different victims. We also have a situation where he could have exercised discretion as to the robbery or the kidnap for robbery, but then with this second victim, it was only the kidnapping for robbery. So there's, even assuming he exercised his discretion, we still have that life sentence right there with the second victim and just a determinate term with that. So even if the court looked at the 654 issues and decided in its discretion to exercise the lower term on those counts, it still would have been left with the life terms on the other victims. So based on the court's comments at the first round of sentencing, in conjunction with just the available options in this case with the nine different counts and the different victims, the court still would be left pretty much with the two life sentences which it imposed and then the determinate term. So I suppose that's our position on whether or not it was harmless if the court... If he had to impose, no matter what, he would have had to impose a life term for the... Yes, and what I don't want the court to do is kind of bleed over, well, would he have done it consecutively or concurrently? He already demonstrated in the previous sentencing that he would have imposed that consecutively. It's just a matter of whether he would have chosen between, with the victims that had the robbery and the kidnapping for robbery, the lower terms. Even if he had chosen that, we still have at least two life sentences that would have had to be at least dealt with. Did you detail all of this in your referee? Not very effectively, no. I'm sorry to say. I don't recall this. I'm looking at it again. I didn't deal with it, but... I thought there wouldn't be any math on this test, but it turned out I was wrong. What is our standard of review on this? Well, we're under the ADEPA. As far as the merits determinations, that would be deferential. However, on the harmless, it would be Brecht versus Abramson. So whether there's a substantial likelihood that the defendant would have received a more favorable outcome. Well, Brecht talked about, you know, affecting the verdict. Obviously, we're not talking about a verdict here. Right. I think that Brecht can also apply to whether or not... Legal error by the court? Sure. If a motion in Lemonet was erroneously denied or some evidence was, something maybe pretrial. I think that Brecht has a more broad application. I know that Brecht itself stands for a trial error because I believe in that case it was evidentiary. But in light of Habeas Proceedings, I think that it does apply as well to any other violation that may occur. So we sort of apply like a general principle, you know, would it have affected the outcome of the proceeding? If there was a substantial likelihood of doing so. And just with respect to whether or not an ex post facto violation is subject to a harmless error analysis, I would submit it is. I think this case presents an extremely rare situation where an ex post facto violation might not have a substantial effect. And in all the cases, whether it's United States versus El Faro or United States versus Lindsay, all those cases clearly affected the defendant in a substantial way. And this is the first time I've seen an ex post facto violation not be prejudicial. But it's a unique situation given the construction of the different counts against the defendant in conjunction with the fact that we had a first sentencing hearing where the court really made his conclusions about the propriety of the sentence known. So it is unique in that fact, but it's exceedingly rare that we would have this situation. But I contend that we do here. So unless the Court has any further questions. I mean, under, you know, assuming that a harmless error analysis applies to an ex post facto situation. What you're telling us under California law, the judge ultimately had no choice but to impose a life term. Well. That's what I understand you to be saying. Under the 654 issue, yes, because 654 couldn't cancel out those two terms. Whether or not, I mean, concurrent. But that was spelled out in the briefs. No, I'm afraid that I did not do that very effectively. One of the cases you said in your brief on page 13 is Murdershaw case. Right. And the parenthetical you have is the habeas corpus case remanded after finding that taking away discretion from the sentencer violates ex post facto. Right. Now, the implication from that is that it's not a harmless error analysis, but it's almost like a structural error. Well, the Supreme Court has actually taken great pains in listing the structural errors it has found. And ex post facto, and I believe the most recent case is Nader versus United States. It does not include within that list an ex post facto violation. And if you look at the facts of Murdershaw, if I recall correctly, that was a case where the removal of discretion either it couldn't. There was no way of knowing whether or not it was for the detriment of the defendant or it actually was. So in looking at the facts of the cases that have been remanded back for resentencing, it is always clear that the defendant would have gotten a more favorable result if the trial court had the discretion to do so. Or the record was just absolutely silent on that point. Here we do have a lot of indications just by the structure of the counts and the court's comments that there's no substantial likelihood that he will receive a more favorable sentence. So unless the court has any further questions, I would submit. Thank you very much. Judge Paye has asked about whether we had listed the counts. If you look at my opening brief at page 11, I listed the robbery convictions and the corresponding kidnapping for robbery convictions. So if that clarifies any question you had as to that, I hope I didn't. What's your response to her? Well, your position is that harmless error doesn't apply. Is that right? Yeah, absolutely. You keep. There's no case that says that in so many words, right? No, but but based on murder, Sean, based on the existing case law. Well, assuming you did. What's your response to the state's argument? Assuming there is pretty strong here that, you know, you wouldn't have gotten a more favorable record is pretty strong that the trial judge got it wrong at least once, too, in terms of his actual sentence. So if we send it back, you know, it's pretty clear you didn't get the same sentence. I really the court. If you look at all the indications in the record. I don't think the court can apply harmless error in this situation because my question, though, if we conclude that harmless error does apply, the record is pretty strong that it was harmless. I'd have to agree based on the existing record. So your case is harmless error doesn't apply. I don't think it can. No, we really the focus of the briefs wasn't on on that that wrinkle. And if the court wants further briefing, I suppose we could do it. We were the motions panel gave us a very narrow question, and I think that's what both counsel and I focused on, which is why this numbers game. That's the California determinate sensing law was it wasn't something either one of us focused on when we did the briefing. So I apologize if the briefing wasn't exactly what the court needed to make its decision. But based on existing law, I think that that it has to be reversed. Thank you. Thank you. And the matter will stand submitted and we'll recess till nine a.m. tomorrow morning. All right. Oh, this court, the discussion stands adjourned. What's the temperature here? I'm just really curious. I can go back to the office and say I was sitting in court in court. Thank you very much. Take care. OK, sure.
judges: Pregerson, Tashima, Paez